## AT MILLEDGEVILLE,

## NOVEMBER TERM, 1863.

PRESENT—JOSEPH H. LUMPKIN, ⎫
RICHARD F. LYON, ⎬ JUDGES.
CHARLES J. JENKINS, ⎭

---

ALBERT S. MANDEVILLE, plaintiff in error, *vs.* THOMAS W. DANIEL, sub-enrolling officer, etc., defendant in error.

A person in the military service of the Confederacy, being employed as contractor for the transportation of the mail on a route more than ten miles in length, is exempt for the time being from military duty.

*Habeas Corpus.* Tried before Judge HUTCHINS, of the Western Circuit. Judgment against the petitioner, on the first September, 1863.

The facts necessary for an understanding of the decision may be found in the opinion of the Court.

MITCHELL and JACKSON, for the plaintiff in error.

DANIEL and HILL, for the enrolling officer.

*By the Court.*—LUMPKIN, C. J., delivering the opinion.

There is no dispute about the facts in this case, and the only question is whether a person in the military service of the Confederate States is competent to enter into a mail contract, and if he does so, and is accepted by the Post-office

(599)

Department, knowing the facts, he thereby becomes exempt for the time being from military duty.

The Judge before whom this case was tried held that the Postmaster General had no power to contract with a person to transport the mail, without a previous discharge by the War Department, and that, circumstanced as Mr. Mandeville was, the claim of the War Department, being prior in point of time, had priority of right.

The maxim referred to by the Judge, we apprehend, does not obtain in this case. It applies only where there are adverse rights or conflicting jurisdictions. Such is not the case here. For the Government, although administered through various departments, is nevertheless one. The Exemption Act embraces mail contractors, and if the Government permits one in the military service to bid for and obtain a contract for transporting the mail, it thereby exempts him, for the time being, from the performance of military duty. Who, but the Government, shall adjudge and decide its own necessities and interests ?

It is said that the Act of Congress passed April 16, 1863, exempting mail contractors, does not apply where the contract has been obtained subsequent to enrollment; because the party, by enrollment, virtually becomes a member of the army, and that a release from the service is the nature of a discharge, which is not contemplated by the law. We can see nothing in the words of the Act which will justify this distinction. It would seem more plausible to insist that the words are to be interpreted in reference to the date of the Act, rather than to the time of actual enrollment. But in either view, the subsequent employment by the Government would seem to be a release, for the time being, of the party from his previous service. And such we understand to be the decision of the Confederate Courts. We know it to be of the District Judge for this State, and that, too, upon solemn argument.

Let the judgment be reversed.